FA QUN WU, Petitioner,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, Respondent.

No. 06–2961–ag.

United States Court of Appeals,
Second Circuit.

March 1, 2007.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Justin E. Herdman, Assistant United States Attorney, Cleveland, OH, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fa Qun Wu, a citizen of China, seeks review of an May 25, 2006 order of the BIA affirming immigration judge ("IJ") Adam Opaciuch's February 2005 decision denying Wu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fa Qun Wu*, No. A97 324 155 (B.I.A. May 25, 2006) *aff'g In re Fa Qun Wu*, No. A97 324 155 (Immig. Ct. New York City Feb. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review de novo the BIA's conclusion that, assuming Wu credible, he failed to establish past persecution or a well-founded fear of future persecution. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003). We review the underlying factual findings supporting these conclusions under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

■ We agree with the BIA's conclusion that Wu failed to demonstrate he suffered past persecution. In the context of this case, Wu's testimony that he had been told by a friend that the police were searching for him because of his prior involvement with Falun Gong was insufficient to satisfy his burden of establishing past persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (finding that ambiguous unfulfilled threat of detention, standing alone, did not constitute past persecution).

■ We further agree with the BIA's conclusion that Wu failed to satisfy his burden of proving a well-founded fear of future persecution. The record does not indicate that any arrest warrant was ever issued against Wu or that the police currently have an interest in arresting him for his minimal involvement in Falun Gong years earlier. In addition, Wu testified that he no longer practices Falun Gong, he only practiced once in a while, he had no interest in Falun Gong after converting to Christianity in July 2002, and he has no intention of ever practicing Falun Gong in

the future. Wu also testified that he was able to live and work in Fuzhou City for more than a year without incident, including returning to his home village twice to visit his parents, which further undermines his claim of future persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... if under all the circumstances it would be reasonable to expect the applicant to do so.").

■ Thus, the BIA correctly found that Wu had failed to demonstrate either past persecution or a well-founded fear of future persecution. Because Wu could not show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.